**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| GARY L. VAUGHN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:07-CV-113 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Gary L. Vaughn's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The government filed an answer to the motion to vacate and also moved to dismiss it as time barred. Movant filed a reply, and this matter is fully briefed. For the reasons discussed below, the Court concludes that all of the grounds asserted by movant are time barred and should be dismissed without an evidentiary hearing.

**Background**.

On February 19, 2004, Vaughn was indicted for the offense of felon in possession of a firearm (Count I), and felon in possession of firearms and ammunition (Count II), both in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See United States v. Vaughn, No. 1:04-CR-51 CAS (E.D. Mo.).

Vaughn was represented at the plea and sentencing hearings by two attorneys, Jasper Edmundson and Curtis Poore. Messrs. Edmundson and Poore represented Vaughn after his first attorney, Mark Preyer, was allowed to withdraw. All three attorneys had been privately retained by Vaughn.

On June 13, 2005, Vaughn appeared with his attorney, Curtis Poore, and entered a plea of guilty to Count I of the Indictment. At the time of his plea, Vaughn had entered into a written Plea Agreement, Guidelines Recommendations and Stipulation of Facts with the Government. This Agreement was filed with and accepted by the Court. (Doc. 48 in Case No. 1:04-CR-51 CAS). The Plea Agreement in this case was a binding plea agreement under the Federal Rules of Criminal Procedure. Vaughn bargained for this Plea Agreement, which provided for a specific sentence of 144 months. (Id., ¶ 2.G.). In the event that the Court did not approve of the sentence, either party would be permitted to withdraw the Plea Agreement. (Id., ¶ 3.H.). That section of the Plea Agreement states:

> Furthermore, this Court is bound by these recommendations. The refusal of this Court to follow the recommendations of the parties shall serve as a basis by either party to withdraw the plea agreement.

(Plea Agreement, ¶ 3.H.).

Vaughn and the Government agreed that a reasonable sentence in this case was 144 months. (Id., ¶ 2.G.). The parties further agreed that any other sentence would be unreasonable. Pursuant to the Plea Agreement, Vaughn agreed to plead guilty to Count I, felon in possession of a firearm, and the government agreed to dismiss Count II. (Id., ¶ 2.A.). Specifically, Vaughn admitted that on November 26, 2003, he was in possession of a Benelli shotgun that had affected interstate commerce. Vaughn also admitted that at the time of this possession he had been convicted of the felony of Arson and two felony counts of Sale of a Controlled Substance. (Id., ¶ 4).

Vaughn agreed that by entering his plea of guilty that he was waiving his right to a trial and all the rights attendant to a public trial. (Id., ¶ 8). Vaughn also stated that he was:

2

fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

(Plea Agreement, ¶ 8).

The terms of the Plea Agreement provided that both parties waived their rights to file an appeal unless the Court did not apply their recommendations at sentencing. (Id., ¶ 2.C.(1)). Vaughn also agreed to waive certain of his rights to pursue post-conviction relief:

> The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing.

(Id., ¶ 2.C.(2)).

On June 13, 2005, the Court conducted a change of plea hearing where Vaughn admitted the offense conduct and his written Plea Agreement. The Court found Vaughn guilty and set his date for sentencing.

On August 15, 2005, the Court conducted a sentencing hearing for Vaughn. After the Court announced that it intended to impose a 44-month sentence, the Government objected, pointing out that the Plea Agreement required either that the Court impose a 144-month sentence or allow either party to withdraw the plea agreement. The Court inquired of Mr. Edmundson as to his choice. Mr. Edmundson agreed to withdraw the plea. The case was continued for trial.

On September 12, 2005, another sentencing hearing was held. Vaughn, through his attorney, requested that his previous Plea Agreement be reinstated. The Court asked Vaughn if he understood that he was requesting the reinstatement of his Plea Agreement, which called for a sentence of 144

months. Vaughn responded that he did understand what was being requested. (Sentencing Transcript at 5, Doc. 60 in Case No. 1:04-CR-51 CAS). The Court then sentenced Vaughn to a term of imprisonment of 144 months, three years of supervised release, and a $100 special assessment. Vaughn did not raise any objections to his sentence at the hearing.

Vaughn did not file a direct appeal of his conviction or sentence. On or about July 23, 2007, Vaughn filed the instant motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. Vaughn asserts the following grounds: (1) ineffective assistance of counsel by Mr. Edmundson at the first sentencing hearing, for withdrawing Vaughn's plea of guilty after the Court announced that it would impose a 44-month sentence; (2) trial court error in finding that Vaughn's two state controlled substance convictions were related for purposes of the Armed Career Criminal Act; (3) ineffective assistance of counsel for failing to object to the Court's sentencing of movant under the Armed Career Criminal Act; (4) ineffective assistance of counsel for failing to object when the trial court violated Blakely and Booker[1] by determining that movant was an armed career criminal; (5) trial court error in finding the facts of movant's earlier convictions for purposes of the Armed Career Criminal Act; (6) trial court error in denying movant's motions to suppress evidence and statements; and (7) ineffective assistance of counsel for failing to effectively challenge the illegal searches and interrogation.

Movant also asserts that under Amendment 709 to the United States Sentencing Guidelines, which amended United States Sentencing Guidelines §§ 4A1.1 and 4A1.2 concerning criminal history

---

[1] Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

category and computation of criminal history, his two prior state convictions should have been treated as one conviction.

In the memorandum of law submitted in support of his § 2255 motion, movant raises the issue of the timeliness of his § 2255 motion. Movant states that he was sentenced on September 12, 2005, and that the judgment was not entered until October 27, 2005.[2] Movant concedes that his § 2255 motion was not timely filed, as it was not filed until July 23, 2007. Movant asserts, however, that he exercised due diligence under 28 U.S.C. § 2255, paragraph 6(4), by depending on his counsel to file a direct appeal, and that he did not learn until more than a year after sentencing that his attorney had not filed a notice of appeal. Thus, movant contends that his § 2255 motion should be considered timely.

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

---

[2]The docket reflects that the judgment was entered on September 14, 2005. (See Doc. 57 in Case No. 1:04-CR-51 CAS).

"To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998).

Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In other words, a movant "must show a reasonable probability that absent the alleged errors of counsel he would have been found not guilty." United States v. Robinson, 301 F.3d 923, 925 (8th Cir. 2002) (citing Garrett v. United States, 78 F.3d 1296, 1301 (8th Cir.), cert. denied, 519 U.S. 956 (1996)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Id. at 1077.

6

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**.

A.  *Timeliness of Movant's § 2255 Motion*

In addition to responding to each of movant's grounds for relief, the government moves the Court to dismiss Vaughn's § 2255 motion as untimely.  Before it can address the merits of movant's claims, the Court must determine if the motion to vacate was timely filed.

Here, movant's conviction became "final" on September 28, 2005–the last day he could have filed an appeal with the Eighth Circuit Court of Appeals–because the judgment of conviction was entered on September 14, 2005.  See Fed. R. App. P. 4(b)(1)(A) (a defendant in a criminal case has ten days after entry of judgment to file a notice of appeal); Fed. R. App. P. 26(a) (it is appropriate when computing to exclude intermediate Saturdays, Sundays and legal holidays).  See also Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."); United States v. Smith, 65 F. App'x 201, 202 (10th Cir. 2003) (same).  Cf. Clay v. United States, 537 U.S. 522, 527 88 (2003) ("Finality attaches . . . when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time

for filing a certiorari petition expires."). Movant did not file the instant motion until July 23, 2007, well over a year beyond the last day it properly could have been filed under Section 2255.

Movant does not assert his attorney's alleged failure to file a notice of appeal as a ground for relief in his § 2255 motion; instead, he asserts the alleged failure in the unsworn memorandum in support as a gateway for the grounds asserted in the motion to be considered timely. See Mem. Supp. at 20-22.

If a criminal defendant specifically instructs his attorney to file a notice of appeal, it is professionally unreasonable for counsel not to do so. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). The failure of an attorney "to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance" even without a showing of prejudice or likely success on appeal as required for other § 2255 petitions. Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000).

Movant's § 2255 motion was signed under penalty of perjury, and therefore the Court treats it as an affidavit. Movant does not allege, however, that he requested or instructed his attorney to file an appeal, and in fact does not mention the issue of a direct appeal in the § 2255 motion. Instead, in the memorandum in support, which is neither verified nor signed under penalty of perjury, movant asserts that he told counsel after sentencing that he wanted to appeal. Mem. Supp. at 22. Movant asserts that he and his family called and asked counsel about the direct appeal and were told it was in process. Id. Movant states that his assertions are supported by the "affidavit" of his niece, Ramona Coleman, which states in part that she "stayed in contact with [Mr. Edmundson] and kept on him about filing for [movant's] direct appeal" and that Mr. Edmundson "assur[ed her] he was

filing for the appeal" and "kepted [sic] telling [he] we had to give it a little more time." See Ex. A to Mem. Supp.

As a threshold matter, the statement from Ms. Coleman is neither an affidavit nor a declaration signed under penalty of perjury. "An affidavit, by definition, is 'a statement reduced to writing and the truth of which is *sworn* to before someone who is authorized to administer an oath.'" Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (quoting Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir. 1985) (emphasis added)). The statement from Ms. Coleman lacks signature and attestation before a notary public. Thus, the statement is not an affidavit. Further, while 28 U.S.C. § 1746 permits a person to prepare an unsworn declaration which can be the equivalent of an affidavit, such a document must include a declaration, certificate, verification or statement which provides that the signer declares, certifies, verifies or states under penalty of perjury, that the foregoing is true and correct. 28 U.S.C. § 1746. There is no such declaration or certificate on the Coleman statement. As a result, the Coleman statement is unsworn, and the Court does not consider it as evidence in this matter. See Elder-Keep, 460 F.3d at 984 (district court may properly reject unsworn documents).

With its response, the government provides the affidavit of Mr. Edmundson, which avers that "[a]t no time did Gary Vaughn request that I file an appeal in this case. . . . If Mr. Vaughn had requested that I file a notice of appeal in his case, I would have done so." Edmundson Aff., Gov't Ex. 2.

A claim of ineffective assistance of counsel based on the attorney's failure to file a notice of appeal after being instructed to do so can only succeed if the movant shows that he requested or instructed his counsel to file an appeal. Barger, 204 F.3d at 1182. In addition, a bare assertion by

9

the movant that he made a request for an appeal to be filed is not, by itself, sufficient to support a grant of relief under § 2255, where other, more credible evidence indicates that no such request was made. See Green v. United States, 323 F.3d 1100, 1103 (8th Cir. 2003).

Movant's filings offer no sworn factual support for his bare assertion that he requested an appeal. The sole support for movant's assertion that he asked his attorney to file an appeal is his unsworn statement in the memorandum in support of the § 2255 motion, and nothing in the record corroborates his statement. "Facts alluded to in an unsworn memorandum will not suffice." Schultz v. United States, 205 F.3d 1347, 1999 WL 1212453, *1 (8th Cir. 1999) (Table) (unpublished per curiam) (quoted case omitted); see also United States v. Davis, 230 F.3d 1364, 2000 WL 1521611, *2 (8th Cir. 2000) (Table) (unpublished per curiam). As previously stated, the § 2255 motion itself does not mention an appeal. See Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) (court must be able to determine from face of petition alone whether petition merits further review). Furthermore, movant's unverified statement that he asked his attorney to file an appeal is directly contradicted by the verified statement of his attorney that movant never requested him to file an appeal. The attorney's averment is unopposed and the Court finds it credible.

The Court concludes that movant's § 2255 motion is deficient on its face because the necessary fact that movant instructed his attorney to file an appeal was not verified, and is contradicted by the sworn statement of the attorney. As a result, the Court concludes that it is not necessary to conduct an evidentiary hearing on the issue whether movant asked his attorney to file a notice of appeal, and that the instant motion under § 2255 is time barred. Therefore, the Court does not reach the merits of movant's § 2255 motion.

B. *Request to Construe § 2255 Motion as Motion Under 28 U.S.C. § 3582*

In his reply memorandum (Doc. 7), Vaughn asks the Court to construe his § 2255 motion as a motion to modify sentence under 18 U.S.C. § 3582(c)(1) if the § 2255 motion is found to be time barred. Vaughn asserts that under Amendment 709 to the Sentencing Guidelines, his two prior state law convictions should have been considered as one conviction.

The Court declines to construe Vaughn's § 2255 motion as a motion under 18 U.S.C. § 3582. A motion under § 3582 is properly filed in the underlying criminal case, and not in a collateral proceeding such as the instant matter.

**Certificate of Appealability**.

Motions to vacate, set aside, or correct sentences pursuant to 28 U.S.C. § 2255 filed after April 24, 1996 are subject to the Anti-Terrorism and Effect Death Penalty Act's requirement that a movant must obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1). The Court finds that movant has not made a substantial showing of the denial of a constitutional right, such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that the issues presented were adequate to deserve encouragement to proceed further, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

**Conclusion**.

For the foregoing reasons, the Court concludes that the instant motion under § 2255 can be determined based on the motion, files and records in the case, which conclusively show that movant Gary L. Vaughn is not entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that Gary L. Vaughn's motion under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that Gary L. Vaughn has not made a substantial showing of the denial of a constitutional right, such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of October, 2008.